# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

    v.                                       CASE NO. 3:91-cr-14-J-225TEM

**RICHARD GEORGE MATHEWS**
                                        /

## ORDER REGARDING SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C § 3582(C)(2)

Upon Motion of this Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered the <u>United States' Response to Order Pursuant to 18 U.S.C. § 3582(c)(2)</u> (Dkt #165) and the <u>Defendant's Response Regarding Retroactive Application of Revised Cacaine Base Sentencing Guidelines</u> (Dkt #166), it is therefore

**ORDERED** that since the Defendant was sentenced as a career offender, the defendant's sentence is not subject to further reduction pursuant to the retroactive application of the amendments to U.S.S.G. § 1B1.10. See <u>United States v. Moore</u> 541 F.3d 1323 (11th Cir 2008) ,<u>cert denied</u> 129 S.Ct.965 (2009) which held that Amendment 706 did not affect the sentencing range of a defendant sentenced pursuant as a career offender and a district

court lacks authority to reduce a sentence pursuant to § 3582(c)(2) when a defendant has been sentenced as a career offender.

**DONE and ORDERED** at Jacksonville, Florida this  12th  day of May, 2009.

JOHN H. MOORE II
United States District Judge

Copies to:     Defense Attorney - Sylvia Irvin     United Stated Marshal's Service
United States Attorney - Mark Devereaux     Bureau of Prisons
United States Probation     Defendant